UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DENNIS L. MUNDEN and SHERRILYN L. MUNDEN, husband and wife, residing in Bountiful, Utah,<br><br>      Plaintiffs,<br><br>v.<br><br>STEWART TITLE GUARANTY COMPANY, a Texas surety; and CHICAGO TITLE INSURANCE COMPANY, and Illinois surety,<br><br>      Defendants. | Case No. 4:19-cv-00112-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendants' Motion for Reconsideration (Dkt. 75) of the Court's recent Memorandum Decision and Order (Dkt. 74) Plaintiff opposes the Motion. Dkt. 78. Also before the Court is Plaintiffs Dennis and Sherrilyn Mundens' Motion to Amend. Dkt 79. Chicago Title opposes the Motion. Dkt. 81.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the pending motion on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons outlined below, the Motion to Reconsider is DENIED. The Motion to Amend is HELD IN ABEYANCE until the Stay

is lifted.

## II. BACKGROUND

The Court previously outlined the factual background of the Mundens' claims and incorporates that background here by reference. *See* Dkt. 74, at 1–5. For the sake of brevity, the Court outlines only the history relevant to the present motions.

This case involves the ownership status of a road ("Upper Garden Creek Road") in Bannock County that runs through two properties the Mundens own. In its Memorandum Decision and Order issued on July 31, 2023 (the "MDO"), the Court ordered this case be stayed until a final determination is made regarding the ownership of Upper Garden Creek Road. Dkt. 74, at 19. The Court explained the significance of this determination: "[if] the Upper Garden Creek Road is privately owned by the Mundens, no cloud on title exists, rendering any compensation for the 'defect of title' inappropriate." Dkt. 74, at 10. On the other hand, "if Upper Garden Creek Road is a public road owned by Bannock County, then this Court can determine whether the compensation paid by Chicago Title based on the diminution of value appraisal fulfilled Chicago Title's contractual obligation under the Policy." *Id.*

Shortly after the Court issued the MDO, Chicago Title filed the instant Motion for Reconsideration. Dkt 75. The Mundens timely responded (Dkt. 78), and Chicago Title replied (Dkt. 80). On October 16, 2023, the Mundens filed a Motion to Amend, seeking to add claims for bad faith and punitive damages to their Complaint. *See generally* Dkt. 79. Chicago Title filed its opposition to the Motion (Dkt. 81) and the Mundens replied (Dkt. 82). Both matters have been fully briefed and are ripe for review.

MEMORANDUM DECISION AND ORDER – 2

## III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 54(b), any interlocutory order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." This rule makes explicit the district court's "inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (cleaned up). "However, although a court has the power to revisit its own decision for any reason, as a rule the court should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." *Dickinson Frozen Foods v. Fps Food Process Solutions Corp.*, 2020 WL 2841517, at *10 (D. Idaho June 1, 2020) (citation omitted). Therefore, although the power to modify interlocutory orders is not subject to the limitations of Federal Rule of Civil Procedure 59, which provides for modification of final orders, district courts deciding 54(b) motions are "frequently guided by substantially the same standards as those used to reconsider final orders pursuant to Rule 59(e)." *Dickinson*, 2020 WL 2841517, at *10.

"[Rule 59(e)] offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted). Therefore, "[u]nder Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances . . . ." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2)

committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "There may also be other, highly unusual, circumstances warranting reconsideration." *Id.* The movant bears the burden of establishing the existence of such a circumstance. *See, e.g. United States v. Westlands Water Dist.*, 134 F.Supp 2d 1111, 1131 (E.D. Cal. 2001).

Rule 59(e) permits a court to alter or amend a judgment, but it may not be used to relitigate old matters, or to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008). The district court has discretion to deny a motion for reconsideration on the grounds that the movant's arguments could have been presented before. *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (affirming district court's denial of motion for reconsideration).

## IV. ANALYSIS

### A. Motion to Reconsider

In its Motion, Chicago Title argues the Court should reconsider its MDO staying the case until a road validation proceeding is complete because a determination of the road's ownership will have no material impact on Chicago Title's obligations. Dkt. 75, at 2–3. Specifically, it argues that its appraisal already assumed that the road is public, meaning it has already assumed the Mundens *are* entitled to compensation under the Policy, and has paid them that compensation. *Id.* at 2. "Regardless of the ultimate result in a road validation proceeding," it argues, "the Mundens' loss in property value has already been assumed,

MEMORANDUM DECISION AND ORDER – 4

appraised, and paid." *Id.* at 3.

As the Court has said, it is "loathe [to reconsider] in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." *Dickinson Frozen Foods.*, 2020 WL 2841517, at *10. Chicago Title has not expressly identified any manifest injustice or clear error in the Court's MDO. Rather, it rests on its argument that a road validation proceeding is not necessary to resolve this case because it has already assumed the County owns the road. But a road validation proceeding *is* necessary here. The Court must ultimately determine whether and to what extent Chicago Title was obligated to compensate the Mundens. If the Mundens own the road, Chicago Title owes them nothing. If the County owns the road, Chicago Title is obligated to compensate them, and the Court must then determine whether the amount it has already paid is sufficient. The Court cannot properly resolve the matters before it without first knowing who owned Upper Garden Creek Road.  While Chicago Title is free to proceed on its *assumptions* about ownership, the Court needs a *clear determination* regarding ownership to ascertain whether Chicago Title owes the Mundens any amount at all.

Furthermore, while a determination regarding ownership of the road may be immaterial to Chicago Title, it is certainly material to the Mundens and to Bannock County, who are also implicated in this and other related litigation.[1] Ensuring consistency between this and other cases requires that the ownership of the road be determined before proceeding. Imagine, for instance, that the Court moved forward in these proceedings under the

---

[1] For example, Bannock County and the Mundens are currently involved in litigation related to this matter both in Idaho state court and in a separate proceeding recently filed before this Court.

assumption that the County owned the road and determined that Chicago Title was obligated to compensate the Mundens for the resultant diminution in their property value. Imagine that in a related case,[2] the Court later determined that the Mundens—and not the County— actually owned the road. Those rulings would be fundamentally inconsistent with and contradictory to one another. Further, Chicago Title might then seek appeal or reconsideration of the Court's earlier decision in this matter, requesting reversal of the Court's determination that it was obligated to compensate the Mundens. Thus, principles of judicial economy and consistency demand that the Court put first things first and uphold the MDO staying these proceedings until the status of Upper Garden Creek Road is determined.

Chicago Title's point is well taken, and the Court understands that it is eager to move this case forward. However, because no grounds for reversal exist here, the Court cannot grant Chicago Title's Motion to Reconsider. The Court is optimistic that the status of the road will be resolved soon, as the Mundens recently petitioned this Court for such a determination. *See Munden et al v. Bannock County*, Case No. 4:24-cv-00211-DCN.

### B. Motion to Amend

Because this case is still stayed, the Court finds it improper to rule on the Motion to Amend at this time. This course is particularly advisable because, as Chicago Title correctly noted in its Response, the Court must hold a hearing before it can rule on a motion to amend to bring a claim for punitive damages. *See* Dkt. 81, at 5; *see also* Idaho Code 6-1604(2) (instructing that a court may allow amendment to include punitive damages only after the

---

[2] *See Munden et al. v. Bannock County*, 4:24-cv-00211-DCN.

MEMORANDUM DECISION AND ORDER – 6

moving party has established *at a hearing* a reasonable likelihood of proving facts sufficient to support such an award at trial).[3] The Court will, therefore, hold the Mundens' Motion to Amend in abeyance until after a determination has been made regarding the ownership of Upper Garden Creek Road.

## V. CONCLUSION

While the status of Upper Garden Creek Road may be immaterial to Chicago Title, determining the rightful owner of the road is critical to the outcome of this and other related matters. Accordingly, the Court DENIES Chicago Title's Motion for Reconsideration. Furthermore, because this case is still stayed, the Court will not rule on the Mundens' Motion to Amend at this time. Instead, the Court will hold that Motion in abeyance until the stay is lifted.

## VI. ORDER

IT IS HEREBY ORDERED:

1. Chicago Title's Motion for Reconsideration (Dkt. 75) is **DENIED**.

2. The Mundens' Motion to Amend (Dkt. 79) is **HELD IN ABEYANCE** until the Stay is lifted.

DATED: May 20, 2024

David C. Nye
Chief U.S. District Court Judge

---

[3] A punitive damages claim is substantive in nature and accordingly controlled by Idaho law in diversity cases. *Lambirth v. USAA Cas. Ins. Co.*, 667 F. Supp. 3d 1073 (D. Idaho 2023).